## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7071 | **DATE** | 12/26/2007 |
| **CASE TITLE** | Daryl Richie (#08780-424) vs. Director of Bureau of Prisons, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is stricken, with leave to renew. The plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies). Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**     Docketing to mail notices.

### STATEMENT

    The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The plaintiff claims that the defendants, correctional officials and mental health professionals at the Metropolitan Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from an assault by a fellow prisoner who had a history of such attacks; he further claims that needed medical care for his injuries was unnecessarily delayed for three hours.

    The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a correctional official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis* he must file a signed i.f.p. application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from June 17, 2007, through December 17, 2007]. A correctional official must complete and sign the part of the form captioned "Certificate" on the back **(CONTINUED)**

    mjm

**STATEMENT (continued)**

of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

The plaintiff must also submit an amended complaint. Although the caption and "Parties" section of the complaint form list multiple defendants, the body of the complaint speaks in generalities and does not refer to a single defendant by name. Although detailed fact pleading is not necessary to state a claim for relief, *see Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to give each of the named defendants some basic notice of what he or she has done to violate the plaintiff's constitutional rights. *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007).

The plaintiff is advised that direct, personal involvement is required for personal liability under civil rights laws. *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "To be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to civil rights actions. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). The court therefore questions whether the Director of the Bureau of Prisons or the warden of the Metropolitan Correctional Center, for example, would have the requisite personal involvement necessary for liability to attach.

In short, the plaintiff must draft an amended complaint naming those specific individuals who are directly, personally responsible for the matters about which the plaintiff complains. That is, the amended complaint should indicate how each defendant named in the amended complaint failed to protect the plaintiff from attack or acted with deliberate indifference to his serious medical needs.

In sum, the plaintiff must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit an amended complaint naming as defendants those individuals personally responsible for violating the plaintiff's constitutional rights. As with every document filed with the court, the plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant. Because the plaintiff is suing federal officials, he must also provide service copies for the Attorney General and the U.S. Attorney for the Northern District of Illinois. *See* Fed. R. Civ. P. 4(i)(1). Every document filed with the court must bear the plaintiff's original (not photocopied) signature.

The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case on the understanding that plaintiff does not wish to pursue this lawsuit.