## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7071 | DATE | April 1, 2008 |
| CASE TITLE | Daryl Richie (#08780-424) vs. Director of Bureau of Prisons, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#12] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.73 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the U.S. Penitentiary in Terre Haute, Indiana. However, summonses shall not issue at this time. The amended complaint is dismissed without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]                                                Docketing to mail notices.

### STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The plaintiff claims that the defendants, correctional officials and mental health professionals at the Metropolitan Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from an assault by a fellow prisoner who had a history of such attacks; he further claims that needed medical care for his injuries was unnecessarily delayed for three hours.

The plaintiff's renewed motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.73. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the second amended complaint is stricken, as it does not comply with either the court's Minute Order of January 11, 2008, or Fed. R. Civ. P. 8(a)(2). As the court previously advised the plaintiff, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to give each of the named defendants some basic notice of what he or she has done to violate the plaintiff's constitutional rights. *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007). The Statement of Claim on the amended complaint the plaintiff has submitted is completely blank.

The plaintiff will be given the opportunity to submit a second amended complaint setting forth his basic claims. The second amended complaint should indicate how each named defendant failed to protect the plaintiff from attack or acted with deliberate indifference to his serious medical needs. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The plaintiff must, within thirty days of the date of this order, submit a second amended complaint that stands complete on its own, without reference to prior pleadings. **The plaintiff is once again advised that he must provide the original plus a complete judge's copy of every document filed; he must also include a sufficient number of carbon copies or photocopies of the second amended complaint for service on each named defendant.** Because the plaintiff is suing federal officials, he must also provide service copies for the Attorney General and the U.S. Attorney for the Northern District of Illinois. *See* Fed. R. Civ. P. 4(i)(1). Every document filed with the court must bear the plaintiff's original (not photocopied) signature.

The clerk will provide the plaintiff with an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case on the understanding that plaintiff does not wish to pursue this lawsuit.