IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| DARYL S. RICHIE, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) No. 07 C 7071 |
| | ) |
| CALVIN FRIAR, CORRECTIONAL | ) |
| OFFICER SHATINA ROGERS, NURSE | ) |
| ANDREA GREIP, MARIA VELASQUEZ, | ) |
| and OTHER UNKNOWN | ) Honorable Robert Gettleman |
| METROPOLITAN CORRECTIONAL | ) Presiding |
| CENTER CORRECTIONS OFFICERS, | ) |
|     Defendants. | ) |

_____

## SECOND AMENDED COMPLAINT

Plaintiff, Daryl Richie, by and through his attorneys, Thomas Peters and Kevin Peters, states:

### COUNT I

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois.

3. This action is brought for violations of Plaintiff's constitutional rights under the

Fifth and Eighth Amendments to the United States Constitution.

## PARTIES

4. Plaintiff is a citizen of the United States and currently a resident of Terre Haute, Indiana.

5. Defendants, Calvin Friar, formerly a Lieutenant with the Bureau of Prisons, Correctional Officer Shatina Rogers, Andrea Griep, and Nurse Maria Velazquez, and other Unknown Correctional officers were on duty and acting under color of law at all times relevant to this Complaint.

6. On July 27, 2007, Plaintiff was being detained at the Metropolitan Correctional Center (MCC) in Chicago, Illinois, awaiting the disposition of his criminal case.

7. On July 27, 2007, Plaintiff was awakened in his cell when his skin was scalded by a boiling liquid that was thrown on him by another inmate.

8. The other inmate had a history of psychiatric problems.

9. The boiling liquid struck Plaintiff on the head, neck, and back.

10. Plaintiff's screams brought then Lt. Friar and Shatina Rogers, and four other correctional officers to Plaintiff's cell.

11. While Plaintiff was in obvious and extreme pain, Friar and Rogers, and other unknown correctional officers escorted Plaintiff to defendants Griep and Velasquez.

12. Defendants Griep and Velasquez saw that Plaintiff was in excruciating pain and needed attention from a doctor.

13. Instead of immediately referring Plaintiff to a doctor, Defendants Friar, Rogers, Griep, and Velasquez told Plaintiff he would live and sent him to a holding cell.

14. Friar and Rogers, and the other unknown C/O's then escorted Plaintiff to the Special Housing Unit (SHU) at MCC. When they escorted Plaintiff to that cell, it was obvious to these Defendants that Plaintiff was in pain and needed additional medical care.

15. Plaintiff remained in the SHU for over three hours with no further medical attention, even though all the Defendants knew that Plaintiff was in need of immediate medical attention from a doctor.

16. After three hours in the SHU, Plaintiff was finally taken to an outside hospital for treatment of the burns to his head, neck, and back.

17. Plaintiff suffered second degree burns on his head, neck, and back.

18. Plaintiff suffered permanent hearing loss in one ear and scars to his head and neck, as a direct and proximate result of the acts of Defendants.

19. Plaintiff was injured as a result of the reckless indifference of the Defendants.

WHEREFORE, Plaintiff prays this Honorable Court will award him actual and punitive damages as well as costs and reasonable attorneys fees against each of the Defendants.

Respectfully submitted,

S/ Kevin Peters
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff

407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022